IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JASON T. HAYWOOD                                                            PLAINTIFF

vs.                                    Civil No. 6:13-cv-06146

CAROLYN W. COLVIN                                                         DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Jason T. Haywood ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for a

period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income

("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed his current disability applications on November 12, 2010 (DIB)

and on November 17, 2010 (SSI).  (Tr. 20, 132-145).  In these applications, Plaintiff alleges being

disabled due to back, knee, and hip problems; depression; migraines; anxiety-panic attacks; and high

blood pressure.  (Tr. 191).  These applications were denied initially and again upon reconsideration.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The
transcript pages for this case are referenced by the designation "Tr."

(Tr. 69-72).

Thereafter, on May 22, 2012, the ALJ held an administrative hearing on Plaintiff's applications.  (Tr. 36-68).  At this hearing, Plaintiff was present and was represented by Eric Worsham.  *Id.*  Plaintiff and Vocational Expert ("VE") Ms. Johnson[2] testified at this hearing.  *Id.* During this hearing, Plaintiff testified he was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB).  (Tr. 39).  As for his education, Plaintiff also testified he had completed 40 hours of credit at a community college.  (Tr. 38-39).

On July 9, 2012, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications.  (Tr. 17-31).  The ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2015.  (Tr. 22, Finding 1).  The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 17, 2010, his alleged onset date.  (Tr. 22, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: mild multilevel degenerative disc disease; status post laminectomy; osteoarthritis of the knees; depressive disorder; and panic disorder with agoraphobia.  (Tr. 22, Finding 3).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 22-24, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 24).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the capacity to perform

---

[2] The first name of "Ms. Johnson" was not included in the record.  (Tr. 36).

the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: the claimant cannot climb ladders, ropes, and scaffolds; he can occasionally balance, stoop, kneel, crouch, and crawl; he cannot tolerate exposure to workplace hazards, such as dangerous moving machinery and unprotected heights; he can perform unskilled work, which involves 1 or 2 step tasks that are learned and performed by rote with few variables and little judgment; he is limited to interpersonal contact that is incidental to the work performed; and the required supervision should be simple, direct, and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of his PRW. (Tr. 29, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 29-30, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Specifically, the VE testified, given all Plaintiff's vocational considerations, a hypothetical person retained the capacity to perform occupations such as (1) cloth folder (unskilled, light) with approximately 4,710 jobs in Arkansas and 229,240 jobs in the nation; (2) production line assembler (unskilled, light) with approximately 11,000 jobs in Arkansas and 583,000 jobs in the nation; and (3) poultry production worker (unskilled, light) with approximately 15,000 jobs in Arkansas and 596,000 jobs in the nation. *Id.* Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from August 17, 2010 through the date of his decision or through July 9, 2012. (Tr. 30, Finding 11).

Thereafter, on August 28, 2012, Plaintiff requested the review of the Appeals Council. (Tr. 15). On October 31, 2013, the Appeals Council denied this request for review. (Tr. 1-4). Plaintiff

then filed his Complaint in this case on December 23, 2013.  ECF No. 1.  The Parties consented to

the jurisdiction of this Court on January 3, 2014.  ECF No. 7.  Both Parties have filed appeal briefs.

ECF Nos. 10-11.  This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2010);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently.  *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.      **Discussion:**

In his appeal brief, Plaintiff claims his disability case should be reversed and remanded. ECF No. 10. Plaintiff's single claim on appeal is that the ALJ's disability determination is "not supported by substantial evidence [in the record], particularly in light of the new and material evidence submitted to the Appeals Council." *Id.* Thus, Plaintiff's claim focuses on whether this "new and

material evidence" that was submitted to the Appeals Council would have changed the outcome of his case. *Id.* Upon review of Plaintiff's claim, the Court finds no basis for reversal on this issue for two reasons: (A) there has been no demonstration the evidence Plaintiff submitted to the Appeals Council qualifies as "new and material"; and (B) the ALJ's disability determination is otherwise supported by substantial evidence in the record.

### A.      "New and Material" Evidence

Plaintiff claims his case should be reversed and remanded because he submitted "new and material" evidence to the Appeals Council which would change the outcome of the ALJ's disability determination. ECF No. 10 at 6-15. As an initial matter, this Court is only permitted to remand this case "upon a showing that there is new evidence which is material and that there was good cause for the claimant's failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (2010). The key provisions in this statute are that (1) the evidence must be new; (2) the evidence must be material; and (3) there was good cause for the claimant's failure to incorporate the evidence in the prior proceeding (*i.e.,* prior to the ALJ's decision).

In the current case, the "new and material" evidence Plaintiff submits is a two-page checklist report submitted by his treating physician. (Tr. 591-592). This report is dated October 1, 2012, which is approximately three months after the ALJ's disability determination. *Id.* The Court notes that as a checklist form, this report has very little evidentiary value. *See Holmstrom v. Massanari,* 270 F.3d 715, 721 (8th Cir. 2001) (recognizing that "the checklist format, generality, and incompleteness of the assessments limit their [the medical records] evidentiary value").

Further, Plaintiff has made no demonstration that this checklist report rises to the level of "new and material" evidence. As the Eighth Circuit has explained, "to be material, new evidence

must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the [Commissioner]'s determination." *Woolf v. Shalala,* 3 F.3d 1210, 1215 (8th Cir. 1993) (citation omitted). Here, even assuming this evidence is non-cumulative, Plaintiff has not demonstrated this checklist is relevant for the time-period at issue or is probative for the time-period before the ALJ's decision on July 9, 2012. Further, Plaintiff has not demonstrated there is reasonable likelihood this checklist would have changed the outcome of the ALJ's disability determination. Indeed, in his briefing on this issue, Plaintiff merely claims–without providing evidentiary support or support in the record–that this evidence is "new and material." Thus, because Plaintiff has not demonstrated this evidence qualifies as "new and material," the Court will not remand under 42 U.S.C. § 405(g).

### B.     ALJ's Disability Determination

Because Plaintiff has not demonstrated a remand is required to consider "new and material" evidence, the next issue to consider is whether the ALJ's disability determination is otherwise supported by substantial evidence in the record. *See Mackey v. Shalala,* 47 F.3d 951, 953 (8th Cir. 1995). Thus, the Court will generally consider the evidence submitted to the ALJ to determine whether the ALJ's disability determination is supported by substantial evidence.

Upon careful review, the Court finds the ALJ's disability determination is supported by substantial evidence in the record. Indeed, the ALJ's disability determination is supported by a consultative examination performed by Dr. Richard Tucker, M.D. on December 29, 2010; Plaintiff's treatment records and the fact his impairments "can be controlled by treatment or medication"; and the report from the DDS medical consultant. (Tr. 24-29). Based upon this evidence, the Court finds there is substantial evidence supporting the ALJ's disability determination, and this case need not

be reversed and remanded.

**4.       Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating

these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27ᵗʰ day of January 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE